## CATHARINE SEYBOLD *v.* ISAAC GREENWALD, ET AL.

1. One partner has the right to raise money in the firm name, to an amount required for ordinary purposes, and to bind the firm therefor, although the act be against the restriction contained in the partnership articles, unless the prohibition was publicly known, or brought home to the knowledge of the lender.
2. Error will not lie for a refusal to grant a new trial on the alleged ground that the verdict was contrary to the evidence, or against the weight of evidence, or was rendered upon insufficient evidence.

GENERAL TERM.—Proceeding in error to reverse a judgment, rendered at the January special term, A. D. 1857, by Spencer, J., in favor of Isaac Greenwald against Seybold & Co.

The facts are sufficiently stated in the decision.

*King, Anderson & Sage,* for plaintiff in error.

*R. D.* and *J. H. Handy,* for defendants in error.

STORER, J., delivered the opinion of the court.

Seybold & Co., it was claimed by plaintiff, made their note for $125, payable to Greenwald or order, which was indorsed by him for their accommodation, and discounted by Huff, at the request of one of the firm of Seybold & Co.

At maturity it was not paid, when Huff sued the makers and indorser before a magistrate, and obtained judgment against both.

The indorser, Greenwald, paid that judgment and brought this action against the makers to recover the amount and interest from them as principals.

The judge, at special term, held that the plaintiff had a valid claim, and rendered judgment accordingly.

An exception was taken to the ruling of the court, as well in rendering judgment as in refusing to grant a new trial.

This writ of error is brought to reverse the judgment.

On examining the record, we find no exception taken to the introduction of testimony, or to any ruling of the court, upon any question of law. The burden of the complaint is, that the evidence did not warrant the finding.

We suppose the late decision of our Supreme Court, in 6 Ohio, St. 497, *House* v. *Elliott*, is conclusive upon this matter. It was held there that a writ of error would not lie for a refusal to grant a new trial on the alleged ground that the verdict was contrary to the evidence, or against the weight of evidence, or rendered upon insufficient evidence. The judge who tries the case is alone competent to decide these questions.

In this opinion we fully coincide, and believe it to be the only sound and safe course for the court to pursue. Any other would be a misconstruction of well-established rules, and, as the anomaly introduced by the statute no longer exists, there is no foundation for any judicial interference with the finding of a jury, or a judgment upon submission.

But if it were proper for us to examine the question, we think the judge was fully sustained by the evidence in finding as he did.

1. The testimony was clear that the plaintiff indorsed, at the request of Cunningham, one of the partners of Seybold & Co., and for the sole benefit of the firm.

It is clear, upon good principles, that one partner had the right to raise money for the firm, to an amount required for its ordinary purposes, unless especially restricted; and even if the restriction existed, by the terms of copartnership, the right would exist nevertheless, unless the prohibition was publicly known. The plaintiff did not know of any prohibition. He indorsed in good faith, and ought to be protected by the firm. If, instead of the indorsement of a note, to enable the firm to raise money, he had loaned the amount stated to one of the partners for the benefit of the firm in the partnership name, there could be no doubt of the firm's liability. In such a case, the misapplication of the money, by the partner borrowing, would not affect the lender.

2. The judgment of the justice fully established the liability of the makers and indorser; the partnership was therefore charged with the payment of the note. This decision was not appealed from, nor has it been reversed.

On the the whole case the court below, we are satisfied, decided rightly, and the judgment will be affirmed.

Judgment affirmed.